[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR MODIFICATION OF ALIMONY AND CHILD SUPPORT
The parties were divorced on May 14, 1999 and the Plaintiff was ordered to pay the sum of $2300 per month as alimony and $2350 per month as child support for three minor children. The decree permitted revisitation of alimony and child support when the Plaintiff obtained full time employment or six months from the date of judgment. On November 8, 1999, the present motion for modification of alimony and child support was served on the Defendant, and pursuant to General Statutes § 46b-86 (a) the following order concerning the same is made retroactive to said date.
On January 27, 2000, the Defendant filed a motion for contempt, claiming the Plaintiff had failed to comply with his alimony and child support obligations.
Pursuant to a stipulation of the parties, in response to a motion dated November 2, 1999, the primary residence of the parties' son, Christopher Prial, was modified to designate the Plaintiff father's residence as the primary residence of the CT Page 3824 child. The Defendant mother has primary residence of the other two children. This change of primary residence of the child, Christopher Prial, from the mother's residence to the father's residence is a substantial change of circumstances and warrants a modification of the current support order.
In this split custody situation, the guideline calculation is determined by deducting the presumptive amount which the Defendant mother owes to the Plaintiff father from the amount which the Plaintiff father owes to the Defendant mother. The recommended support order for the Defendant is $87 per week and presumptive order for the Plaintiff father is $202 per week. Therefore, the Plaintiff is ordered to pay to the Defendant the sum of $115 per week. That amount is retroactive to the date of serving the motion for modification, November 8, 1999. Said amount is based upon all the factors which the court is required to consider pursuant to General Statutes § 46b-86 (a).
There has been a substantial change in the financial circumstances of the Plaintiff since the date of the divorce. The Plaintiff has depleted all of his savings, in large part to enable him to comply with the outstanding orders for alimony and support. This change warrants a modification of the outstanding alimony order.
The court, on the present record, does not find that the Plaintiff's failure to pay the existing orders was wilful. The Plaintiff has the burden to show that any future failure is not wilful. In light of the current tight job market, and with the Plaintiff's experience, education, and expertise, the Plaintiff has an earning capacity of at least $62,000 per year. The calculations of the modifications of alimony and support orders are based on all factors permitted to be considered, including his earning capacity. The court grants the motion for modification of alimony and reduces said sum to $100 per week. Said modification is retroactive to November 8, 1999.
The court continues this matter until April 3, 2000 for a determination of the arrearages and schedule for repayment.
The Defendant's motion for contempt is denied.
HILLER, J.